IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NICKLAS<br>7915 Renwood Drive<br>Parma, OH 44129, | Case No.:<br><br>JUDGE: |
| Plaintiff, | MAGISTRATE JUDGE: |
| v. | |
| UNITED PARCEL SERVICE, INC., *et al.*,<br>4300 East 68th St.<br>Cleveland, OH 44105 | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| Defendants. | |

Defendants, United Parcel Service, Inc. ("UPS") and Michael Kline, hereby submit this Notice of Removal of Civil Action from the state court to this Court, the grounds for which are set forth as follows:

1. On December 11, 2006, a civil action captioned *Timothy Nicklas v. United Parcel Services, Inc. and Michael Kline*, Case No. 06-CIV-1667, was filed and is now pending in the Court of Common Pleas, Medina County, Ohio (hereinafter "state court action"). Copies of the Summons and Complaint with jury demand as received by Defendants are attached to this Notice as Exhibit A. To the best knowledge of Defendants, no further proceedings, process, pleadings, orders, or papers have been served in the state court action, other than those attached hereto as Exhibit A.

2. The Summons and Complaint were received by UPS on December 13, 2006. The

time for answering or otherwise responding to the Complaint has not yet expired.

3. This Court has original jurisdiction over the state court action under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 185(a). The state court action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and/or (b) as it is a civil action over which the United States District Court has original jurisdiction and which is founded on a claim arising under the laws of the United States.

4. Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), provides original federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Courts use a two-part test to determine whether a state-law claim is pre-empted by Section 301 of the LMRA:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301 of the LMRA.

*Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). As such, Section 301 completely preempts state law claims where the court is required to "address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created" thereby. *DeCoe v. General Motors Corp.*, 32 F.3d 212, 218 (6th Cir. 1994) (internal quotations omitted). Further, employees covered by a collective bargaining agreement cannot rely on the existence of a separate, individual contract to raise state law claims. *Fox v. International Ass'n of Machinists*, 914 F.2d 795, 801 (6th Cir. 1990). Where "the existence of [an employee's] so-called 'state law claim' is inextricably intertwined with the CBA" such claim "depends on the practices of the workplace under the CBA." Id. (*quoting Ulrich v. Goodyear*

*Tire & Rubber Co.*, 884 F.2d 936, 938 (6th Cir. 1989)).

5. At all times relevant hereto, Plaintiff was a member of the International Brotherhood of Teamsters (the "Teamsters"). UPS and the Teamsters are parties to an extensive National Master Agreement, a Central Region Supplemental Agreement, and an Ohio Rider Supplemental Agreement (collectively, the "CBA"), which comprehensively details the rights of and obligations toward bargaining unit employees such as Plaintiff.

6. At all times relevant hereto, UPS has been an "employer" as defined in Section 2(2) of the LMRA. 29 U.S.C. § 152(2).

7. In the state court action, Plaintiff alleges breach of contract and maintains that UPS made promises and guarantees to Plaintiff. Compl. at ¶ 48. In particular, Plaintiff claims UPS breached an agreement with him regarding his entitlement to lunch and other breaks. Compl. at ¶ 18.

8. Article 1, Section 1(a) of the National Master of the CBA recognizes the Teamsters as the exclusive representative of all employees of UPS in covered classes, like driver. Ex. B, Excerpts from CBA at Article 1 Section 1(a).

9. Article 6 of the National Master of the CBA prohibits UPS from entering or attempting to enter any other agreement with an employee that conflicts in any way with the CBA. *Id.* at Article 6. Any such agreement is null and void.

10. Accordingly, the CBA exclusively established Plaintiff's rights and UPS's obligations toward him.

11. Article 18 to the Central Regional Supplement to the CBA sets forth an employee's rights with respect to meal breaks and other breaks. *Id.* at Article 18.

12. Because Plaintiff's right to meal breaks or other breaks is established by the CBA, any obligations UPS had regarding breaks, including responding to Plaintiff's complaints regarding these breaks, is also governed exclusively by Article 18 of the CBA. Consequently, Plaintiff's claimed right to various promises and/or guarantees made by UPS regarding meal breaks and other breaks is substantially dependent on analysis of the CBA.

13. To resolve Plaintiff's breach of contract claim regarding meal breaks and other breaks, the Court will need to interpret the CBA to determine whether UPS could require Plaintiff to work through his breaks, the length and number of breaks Plaintiff was entitled to take, if any, and Plaintiff's remedy in the event of a violation of his right to breaks, as defined by Article 5 to the Central Regional Supplement to the CBA.

14. Accordingly, Plaintiff's state law breach of contract claim is preempted by Section 301 of the LMRA because the rights claimed by Plaintiff are created by the CBA rather than state law, *DeCoe, supra*, at 216, and Plaintiff's allegations cannot be resolved independently of the CBA. *See, e.g. Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988). For these reasons, this Court has original jurisdiction over the breach of contract claim and Plaintiff's Complaint may, therefore, be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. *See* 28 U.S.C. § 1331; 29 U.S.C. § 185(a).

15. This Court has supplemental jurisdiction over all Plaintiff's other state law claims pursuant to 28 U.S.C. § 1367(a).

16. This Notice of Removal is filed with the Court within thirty (30) days after the receipt by UPS, through service or otherwise, of a copy of the Complaint setting forth Plaintiff's claims for relief.

17. Defendants will, after the filing of this Notice of Removal, promptly give written notice thereof to adverse parties as required by law, and will file a true and correct copy of this Notice of Removal with the Clerk for the Common Pleas Court of Medina County, Ohio, as required by law.

18. Pursuant to Fed. R. Civ. P. 81(c), Defendants will move, plead or otherwise respond and/or file their Answer to the Complaint with this Court within five (5) days of this removal.

**WHEREFORE,** Defendants, United Parcel Service, Inc. and Michael Kline, hereby remove the action currently pending in the Court of Common Pleas, Medina County, Ohio, as Case No. 06-CIV-1667.

Respectfully submitted,

*/s/ Margaret M. Koesel*
Margaret M. Koesel (0041537)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483
(216) 443-9000/Fax (216) 443-9011
mkoesel@porterwright.com

Attorney for Defendants,
United Parcel Service, Inc. and Michael Kline

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, a copy of the foregoing was filed electronically.

Parties may access this filing through the Court's electronic filing system.

Arlene Sokolowski-Craft
5735 Pearl Road
Parma, OH  44129

Attorney for Plaintiff

*/s/ Margaret M. Koesel*
One of the Attorneys for Defendants

CLEVELAND/348780 v.02