# SUMMONS

Rule 4 1970 Ohio Rules of Civil Procedure
Court of Common Pleas, Medina County, 93 Public Square, Medina, OH 44256

**Case #: 06CIV1667**

To the following named defendant:

**UNITED PARCEL SERVICES INC AKA UPS**
**c/o STAT AGENT, CT CORPORATION SYSTEM**
**1300 E. 9TH STREET**
**CLEVELAND, OH 44114**

You have been named as defendant in a complaint filed in this court by the following plaintiff:

Plaintiff: TIMOTHY NICKLAS(et al)

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within **twenty-eight (28)** days after the service of this summons upon you, excluding the date of service.

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint. Your answer must be filed with the court within **three days (3)** after the service of a copy of the answer on the plaintiff's attorney.

The name and address of the plaintiff attorney is as follows:

**ARLENE SOKOLOWSKI-CRAFT**
**5735 PEARL ROAD**
**PARMA, OH 44129**

Kathy Fortney
Clerk of Courts

December 13, 2006

CS
By: Deputy Clerk

# EXHIBIT A

IN THE COURT OF COMMON PLEAS COMMON PLEAS COURT
MEDINA COUNTY, OHIO

06 DEC 11 PM 3:57

FILED
KATHY FORTNEY
MEDINA COUNTY
CLERK OF COURTS

| | |
|---|---|
| TIMOTHY NICKLAS<br>7915 Renwood Drive<br>Parma, Ohio 44129<br><br>**Plaintiff**<br><br>v.<br><br>UNITED PARCEL SERVICES, INC. aka<br>UPS<br>c/o Statutory Agent<br>    Ct Corporation System<br>    1300 East 9th Street<br>    Cleveland, Ohio 44114<br><br>And<br><br>MICHAEL KLINE<br>2421 Red Oak Court<br>Ravenna, Ohio 44266<br><br>**Defendants** | CASE NO.: 06CIV1667<br><br>JUDGE:<br>CHRISTOPHER J. COLLIER, JUDGE<br><br>**COMPLAINT**<br>**DISCRIMINATION/RETALIATION** |

Now comes the Plaintiff, Timothy Nicklas, ("Plaintiff Nicklas"), by and through his counsel, and for his Complaint against United Parcel Services aka UPS ("UPS") and Michael Kline ("Kline") states as follows (hereinafter referred to as "Defendants"):

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Timothy Nicklas, resides at 7915 Renwood Dr., Parma, Ohio 44219, Cuyahoga County, Ohio.

2. Plaintiff Nicklas is and at all times relevant hereto has been an "employee" as defined by O.R.C §4112.01(A)(3).

3. Defendant, UPS is an Ohio corporation with offices located throughout the state of Ohio, with its primary business being that of delivery services. Its principal places of business are located throughout the United States, including: Wadsworth, Ohio, which is located within Medina County.

4. Defendant UPS is and at all times relevant hereto has been an "employer" as defined by O.R.C §4112.01(A)(2).

5. Defendant Michael Kline is and at all times relevant hereto has been an on-road supervisor at UPS.

6. Jurisdiction is proper in this Court, as Plaintiff is a citizen of Medina County, Ohio, Defendants conduct business in Medina County and Plaintiff worked for Defendants in the Medina County business locations.

7. Venue is proper in this Court pursuant to Rule 3(B)(1), (2), (3) and/or (6) of the Ohio Rules of Civil Procedure.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff Nicklas is a member of a protected class in that he is over the age of 43, DOB: 10/13/63.

9. Plaintiff Nicklas began employment with Defendant in or around January 1988.

10. Plaintiff started part-time at the Middleburg Heights UPS center. Plaintiff eventually moved to full time and eventually started working at the Wadsworth, Ohio, Medina County location for Defendant.

11. Throughout the years, Plaintiff Nicklas continually re-bid shifts and continually moved from location to location as his pay increased.

12. During his employment at UPS, reviews of Plaintiff Nicklas were favorable.

13. Plaintiff Nicklas successfully performed his duties.

14. While at Defendant's Wadsworth location, Plaintiff Nicklas had an accident while at work. A truck rear-ended Plaintiff's UPS truck and Plaintiff was seriously injured as a result.

15. Plaintiff received worker's compensation for such injury and was thereafter harassed for such injury and receipt of the worker's compensation.

16. During his employment, Plaintiff Nicklas began to realize that he could not complete the routes assigned to him when he took his lunch breaks.

17. It was Defendant's company policy that each employee was to take a 30 minute lunch and two 15 minute breaks.

18. Although the company policy and company employee handbook provided for such lunches and breaks, in actuality, it was common, expected and even encouraged by Defendant that employee not take their lunches or their breaks.

19. In fact, if an employee did take his or her breaks as expected, that employee would not complete the designated route assigned to him or her.

20. Plaintiff Nicklas began to notice that he was not taking breaks and was in fact, discouraged from taking lunch breaks. He thereafter began to take breaks, and began expressing concerns to UPS management that the routes were designed to maximize time usage and discourage breaks.

21. Plaintiff Nicklas repeatedly expressed his concern to management that such actions were illegal and that he was entitled to take lunch and his breaks. Regardless, Defendant chose to ignore such complaints.

22. After Plaintiff Nicklas began taking his lunch and breaks, UPS management, including Defendant Kline, began to harass and retaliate against Plaintiff Nicklas.

23. Suddenly, Plaintiff Nicklas began to receive reprimands for matters that were either untrue or that other individuals, who took similar actions, were not reprimanded for.

24. Defendant, through management, began to retaliate against Plaintiff Nicklas for taking lunches, for voicing concerns, for his previous worker's compensation matter and discriminated against him based on his age.

## COUNT ONE
### *Age Discrimination*

25. Plaintiff Nicklas incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

26. Defendants subjected Plaintiff Nicklas to disparate treatment and age discrimination in that he was denied the same benefits as younger employees. Additionally, Defendant was treated differently by UPS management in an effort to remove Defendant from his employment.

27. Plaintiff Nicklas was treated differently than younger employees in violation of O.R.C. §4112.02(A).

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff Nicklas has suffered a loss of wages and benefits, loss of reputation, humiliation, embarrassment and loss of self-esteem, adverse physical and emotional effects, and lost time and money endeavoring to protect himself from Defendant's unlawful discrimination, including costs and attorney's fees.

## COUNT TWO
### *Retaliation*

29. Plaintiff Nicklas incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

30. Plaintiff Nicklas engaged in a protected activity when he complained to management about the wage and hour law violations.

31. Plaintiff Nicklas also engaged in a protected activity when he filed for worker's compensation due to an injury incurred while on the job.

32. Defendants knew that Plaintiff Nicklas was engaged in a protected activity because Plaintiff Nicklas complained to Defendant's agents – its supervisors and management.

33. Defendants were also aware of Plaintiff Nicklas' worker's compensation claim.

34. Defendant Kline engaged in retaliatory conduct in the he participated in the termination of Plaintiff.

35. Defendant UPS engaged in retaliatory conduct in that it fired Plaintiff Nicklas.

36. Defendant UPS fired Plaintiff because of and in retaliation for his complaints about illegal conduct by Defendant, standards that violated federal regulations, hostile working environment, and worker's compensation.

37. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff Nicklas has suffered a loss of wages and benefits, loss of reputation, humiliation, embarrassment and loss of self-esteem, adverse physical and emotional effects, and lost time and money endeavoring to protect himself from Defendant's unlawful actions, including costs and attorney's fees.

## COUNT THREE
### *Hostile Work Environment*

38. Plaintiff Nicklas incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

39. Plaintiff Nicklas was, and currently is, subject to unwelcome verbal conduct comments based on his age and his protected activities.

40. The harassment had the effect of unreasonably interfering with Plaintiff Nicklas' work performance and created an intimidating, hostile, and offensive environment for Plaintiff.

41. Defendant UPS knew of should have known that Plaintiff Nicklas was being harassed, discriminated against and retaliated against and failed to take adequate action.

42. As a direct and proximate result of Defendant's actions, Plaintiff Nicklas has suffered a loss of wages and benefits, loss of reputation, humiliation, embarrassment and loss of self-esteem, adverse physical and emotional effects, and lost time and money endeavoring to protect himself from Defendant's unlawful actions, including costs and attorney's fees.

## COUNT FOUR
### *Intentional Infliction of Emotional Distress*

43. Plaintiff Nicklas incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

44. Defendants, through their intentional and/or reckless, extreme and outrageous conduct as described in the preceding Paragraphs, caused severe emotional distress upon Plaintiff Nicklas.

45. Defendant UPS, through its management, was aware of the harassing behavior and hostile environment and willfully encouraged such behavior by participating in and failing to correct such harassment and retaliation.

46. As a direct and proximate result of Defendant's actions, Plaintiff Nicklas has suffered severe emotional distress, loss of reputation, humiliation, embarrassment and loss of self-esteem, adverse physical and emotional effects, and lost time and money endeavoring to protect himself from Defendant's unlawful actions, including costs and attorney's fees.

## COUNT FOUR
### *Breach of Contract*

47. Plaintiff Nicklas incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

48. Defendant UPS, through its agents, made promises and/or guarantees to Plaintiff Nicklas in consideration of which Plaintiff accepted a position as an employee of Defendant UPS.

49. Public policy demands that Plaintiff cannot be terminated for stating concerns about illegal activities occurring at his place of employment.

50. Public policy demands that an employee should not worry about losing his job because he witnesses a violation of the local, state or federal laws and informs management of such violation.

51. Defendant UPS, by and through its agents, violated such public policy and failed to honor such promises and/or guarantees.

52. As a direct and proximate result of Defendant's failure to honor such promises and/or guarantees, Plaintiff Nicklas has suffered a loss of wages and benefits, and

lost time and money endeavoring to protect himself from Defendant's breach of contract, including costs and attorney fees.

**WHEREFORE**, Plaintiff Nicklas demands judgment against Defendant in an amount exceeding $25,000.00, including reasonable attorneys' fees and costs as such amount shall be proved at trial, and such further relief as this Court may deem just, equitable, and proper.

Respectfully Submitted,

_____
ARLENE SOKOLOWSKI-CRAFT (0073935)
5735 Pearl Road
Parma, Ohio 44129
(440) 885-7319
(440) 845-8889 (fax)
Counsel for Plaintiff

## JURY DEMAND

Plaintiff, Timothy Nicklas, demands a jury trial, on all issues so triable, by the maximum amount of jurors permitted by law.

Respectfully Submitted,

_____
ARLENE SOKOLOWSKI-CRAFT (0073935)